STATE of Wisconsin, Plaintiff-Respondent,†

v.

Phonesavanh VANMANIVONG, a/k/a Sing Chen, Defendant-Appellant.††

Court of Appeals

*No. 00–3257–CR. Submitted on briefs August 24, 2001.— Decided November 21, 2001.*

2001 WI App 299

(Also reported in 638 N.W.2d 348.)

† Petition to review granted 1-29-02.
†† Petition for cross-review denied 2-19-02.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John J. Grau* of *Grau Law Office* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Christian R. Larsen*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Nettesheim, P.J., Brown and Snyder, JJ.

¶ 1. SNYDER, J. Phonesavanh Vanmanivong, a/k/a Sing Chen, appeals eight judgments of conviction for delivery of cocaine. Vanmanivong argues that the trial court erroneously exercised its discretion in refusing to order the State to disclose the identities of two confidential informants. We agree that the trial court failed to follow the procedures of WIS. STAT. § 905.10(3)(b) (1999–2000)[1] regarding the identity of confidential informants. However, confidential informants were present at only five of the eight drug buys in this matter; thus, the identity of said informants pertains only to those five transactions. We therefore affirm the three judgments of conviction unrelated to the confidential informants' identification, conditionally reverse the remaining five judgments of conviction, and remand this matter for proceedings consistent with this opinion.

---

[1] All statutory references are to the 1999–2000 version unless otherwise noted.

354

¶ 2. Police reports from approximately February 1999 through June 1999 describe several purchases of crack cocaine by undercover police officers from an Asian male known only as "Shorty." Two confidential informants who had purchased cocaine from "Shorty" in the past each introduced a separate undercover officer at different times to "Shorty" as a potential drug customer. These two officers were Special Agents Neil McGrath and Thomas Sturdivant.

¶ 3. Beginning February 18, 1999, Sturdivant began referring to "Shorty" as a person named Pao Moua. In addition, McGrath positively identified a photograph of Moua as the person known as "Shorty" who had been selling him cocaine. After McGrath's identification, most of the subsequent case reports refer to "Shorty" as Moua and both names were used interchangeably.

¶ 4. However, in April 1999 the officers came to realize that "Shorty" could not be Moua because during the time when the drug transactions occurred, Moua had been incarcerated out of state. Both Sturdivant and McGrath then later identified Vanmanivong as "Shorty." Of the eight drug buys, a confidential informant was present for five of them: February 8, 1999 (Count 1), February 18, 1999 (Count 2), February 23, 1999 (Count 3), February 25, 1999 (Count 4), and March 5, 1999 (Count 5). Three of the drug buys—on March 11, 1999 (Count 6), on March 25, 1999 (Count 7), and on May 18, 1999 (Count 8)—were completed by the special agents without the assistance of the confidential informants.

¶ 5. Prior to trial, Vanmanivong filed a motion, pursuant to WIS. STAT. § 905.10(3)(b), for an order requiring the disclosure of the identities of the two confidential informants. As grounds for his motion,

Vanmanivong argued that the informants would be able to provide testimony "necessary to a fair determination on the issue of guilt or innocence in this case." The State conceded that Vanmanivong met his minimal initial burden under § 905.10(3)(b) and acknowledged that the next step would be for the trial court to conduct an in camera inspection of the informants. The State offered to have the informants present to testify and identify Vanmanivong from a photo lineup, but the trial court declined to do so. The trial court wanted law enforcement to conduct the photo lineup and then submit affidavits to the court.

¶ 6. On July 29, 1999, the two informants provided interrogation-style affidavits[2] to the court through a law enforcement officer.[3] After receiving the affidavits, the trial court, on its own initiative and without consulting either the State or Vanmanivong's attorney, contacted law enforcement asking for further clarification.

¶ 7. The follow-up communication to the court consists of two memos from Detective Kirk Bloedorn. These documents are not affidavits, but unsworn

---

[2] From the interrogation-like nature of the affidavits, it appears that law enforcement conducted some type of photo lineup. However, the photos and the confidential informants' identification of "Shorty" from the photos are not included in the record.

[3] We note that there appear to be inconsistencies with the confidential informants' affidavits. In all the case activity reports filed by law enforcement, there are two confidential informants identified: DDI (Dangerous Drug Informant) #3444 and DDI #3432. However, these are not the identifying numbers on the affidavits. The affidavits list the informants' numbers as CI #1010 and CI #1068. No explanation is provided for the inconsistencies.

memos from Bloedorn to the trial court. One memo explains the initial misidentification of "Shorty." The other memo addresses confidential informant cooperation with law enforcement officials.

¶ 8. At the October 22, 1999 hearing where the trial court made an oral ruling on Vanmanivong's motion, the court stated:

> After reviewing the initial affidavits, I gained little understanding from what I had had originally in reviewing all of the reports, and I then requested further clarification from the investigative agency as to the informant's understanding or knowledge of the identity of the defendant, and I received a follow-up communication. . . .
>
> I have asked [the district attorney] whether there was any objection on behalf of the State of that being furnished to [defense counsel]. He says there has not, and that's been now given to [defense counsel]. My review of this affidavit, this statement, although not under oath, I'm satisfied provides the necessary trustworthiness. With that information it appears that the informants do not have any additional information as to the identity of the defendant.
>
> The confusion that appears from the original identification . . . is not activities that involve the confidential informants but apparently are activities that centered around the actions of law enforcement. With that clarification and my review of the documentation, I do not believe that the disclosure of the identity of the informants in this case would be necessary for a fair or complete determination of the issues, and the interests of justice does not require their disclosure at this point, so the request for disclosure is denied.

¶ 9. Vanmanivong was later convicted at a jury trial of all eight counts of delivery of cocaine as con-

tained in the information. No indication of postconviction activity exists in the record.

## DISCUSSION

¶ 10. In reviewing a trial court's decision under Wis. Stat. § 905.10(3)(b), we determine whether the trial court erroneously exercised its discretion. *State v. Larsen*, 141 Wis. 2d 412, 419, 415 N.W.2d 535 (Ct. App. 1987). Section 905.10(3)(b) reads in part as follows:

> *Testimony on merits.* If it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issue of guilt or innocence in a criminal case . . . and the federal government or a state or subdivision thereof invokes the privilege, the judge shall give the federal government or a state or subdivision thereof an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony. The showing will ordinarily be in the form of affidavits but the judge may direct that testimony be taken if the judge finds that the matter cannot be resolved satisfactorily upon affidavit. If the judge finds that there is a reasonable probability that the informer can give the testimony, and the federal government or a state or subdivision thereof elects not to disclose the informer's identity, the judge on motion of the defendant in a criminal case shall dismiss the charges to which the testimony would relate, and the judge may do so on the judge's own motion.

¶ 11. Wisconsin Stat. § 905.10 recognizes the State's privilege with respect to informers, the reality that informers are an important aspect of law enforcement and that the anonymity of informers is necessary

for their effective use. *State v. Outlaw*, 108 Wis. 2d 112, 121, 321 N.W.2d 145 (1982). Section 905.10 does not place a significant burden upon the defendant seeking disclosure; he or she must only show that an informer "may be able to give testimony necessary" to a fair trial. *Id.* at 125.

¶ 12. Once this showing is made, "it behooves the state to either disclose the identity of the informer or avail itself of the opportunity to offer proof of what in actuality the informer can testify about." *Id.* at 126. This is the State's opportunity to demonstrate that the informer cannot give testimony necessary to a fair determination of the defendant's guilt or innocence. *Id.* The State may so demonstrate either by affidavits or testimony. *Id.* "The fact that affidavits are permitted for this purpose demonstrates that the trial judge's role is limited to the relevancy and admissibility of the testimony." *Id.*

¶ 13. The question for the judge is whether there is a reasonable probability that the informer can give the testimony necessary to a fair determination; there need not be proof positive, but there must be a showing that exceeds the standard of possibility initially put on the defendant. *Id.* at 127. The State must provide, by affidavit or in camera testimony, what the informer will say if called upon to testify. *Id.* No burden beyond the mere going forward with such evidence is placed upon the State. *Id.* This discharges the obligation of the State and insures a mechanism whereby the trial judge can determine whether the informer can give testimony necessary to the fair determination of guilt or innocence. *Id.* at 128. If the testimony is necessary for a fair

trial, the balance is struck for disclosure; however, the process is one requiring the exercise of discretion by the trial judge. *Id.*

¶ 14. However, a trial court errs in the exercise of its discretion when it weighs the evidence revealed by the informer or views the case in hindsight. *See id.* at 132–33. What is, in fact, helpful to a defendant is not a decision that should be made by the trial judge under Wis. Stat. § 905.10(3)(b). *Outlaw*, 108 Wis. 2d at 133. The trial court's duty in the exercise of discretion is only to determine that the testimony the informer could give is relevant and admissible in respect to an issue material to the accused's defense and hence is reasonably necessary to a fair determination of guilt or innocence. *Id.* The judge's discretionary function under § 905.10(3)(b), if it cannot be said that the proferred testimony is incredible as a matter of law, is similar to that in any jury trial; the judge's duty is merely to determine competency, relevancy and admissibility. *Outlaw*, 108 Wis. 2d at 137–38.

¶ 15. Here, the State conceded that Vanmanivong met his minimal initial burden and acknowledged that the next step would be for the trial court to conduct an in camera inspection. The State offered to have the informants present to testify and identify Vanmanivong from a photo lineup, but the trial court declined to do so and elected instead to take affidavits from the confidential informants.

¶ 16. The two confidential informants provided interrogation-style affidavits to the court. However, the trial court determined that the affidavits were of little help to it. The trial court then, on its own initiative and without contacting either party's attorney, requested

additional information from law enforcement. The State argues that the trial court acted appropriately in considering the unsworn material. We disagree. The trial court's actions directly contradict the plain provisions of WIS. STAT. § 905.10(3)(b).

■

¶ 17. Again, WIS. STAT. § 905.10(3)(b) states, "the judge may direct that testimony be taken if the judge finds that the matter cannot be resolved satisfactorily upon affidavit." The trial court had no authority under § 905.10(3)(b) to seek, ex parte, additional clarification from law enforcement. When the trial court found that the affidavits were unsatisfactory or insufficient to resolve the issue at hand, the next step under § 905.10(3)(b) would have been to conduct an in camera hearing to take testimony from the confidential informants to determine the competency, relevancy and admissibility of these witnesses' testimony. *See Outlaw*, 108 Wis. 2d at 137–38. We reject the State's contention that the trial court's failure to follow the strictures of § 905.10(3)(b) constitutes harmless error.

■

¶ 18. The State also argues that Vanmanivong waived his right to appeal this issue because he failed to object to the use of the unsworn materials. We disagree. The trial court's ruling indicates that a defense objection to the use of the unsworn material would have failed. ("My review of this affidavit, this statement, although not under oath, I'm satisfied provides the necessary trustworthiness. With that information it appears that the informants do not have any additional information as to the identity of the defendant.") In addition, Vanmanivong has no burden to insure that the trial court follows the law in exercising its discre-

tion, and the trial court cannot exercise its discretion contrary to a clearly stated legal procedure.

¶ 19. We therefore conditionally reverse the five judgments of conviction (Counts 1–5) relating to the alleged drug buys in the presence of confidential informants, and remand this matter for compliance with the provisions of WIS. STAT. § 905.10(3)(b). The trial court must hold an in camera hearing and take the testimony of the two confidential informants regarding the identity of "Shorty" and the identity of the individual who sold drugs to the undercover officers. The trial court's duty is to determine whether the confidential informants' testimony is relevant and admissible with respect to an issue material to Vanmanivong's defense. *Outlaw*, 108 Wis. 2d at 132.

¶ 20. If the trial court determines that the confidential informants' testimony is not relevant and admissible with respect to an issue material to Vanmanivong's defense, the trial court may reinstate the judgments of conviction. If, however, the trial court determines that the confidential informants' testimony is relevant and admissible, the trial court must then determine if the disclosure of the informants' testimony is necessary to Vanmanivong's defense. *Id.* at 141; *State v. Dowe*, 120 Wis. 2d 192, 194–95, 352 N.W.2d 660 (1984). If the trial court determines that the confidential informants' testimony is relevant and admissible, and that the testimony is necessary to the defense, the confidential informant privilege ceases and Vanmanivong is entitled to a new trial on these five counts. The State can then decide whether to disclose the confidential informants' identities and proceed with a new trial, or ask the trial court to dismiss these five charges. WIS. STAT. § 905.10(3)(b).

## CONCLUSION

¶ 21. The trial court failed to follow the provisions of Wis. Stat. § 905.10(3)(b) regarding the identities of the confidential informants by accepting unsworn memos from law enforcement in lieu of conducting an in camera hearing after the affidavits from the confidential informants proved insufficient. However, confidential informants were present at only five of the eight drug buys in this matter; thus, the identity of said informants pertains only to those five transactions. We therefore affirm the three judgments of conviction (Counts 6–8) unrelated to the confidential informants' identification, conditionally reverse the remaining five judgments of conviction (Counts 1–5), and remand this matter for proceedings consistent with this opinion.

*By the Court.*—Judgments affirmed in part; reversed in part and cause remanded with directions.